**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CALVIN CAMPS | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 23-2046** |
| | : | |
| JOSEPH TERRA, THE DISTRICT | : | |
| ATTORNEY OF THE COUNTY OF | : | |
| PHILADELPHIA LAWRENCE S. | : | |
| KRASNER, THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA MICHELLE HENRY | : | |

## <u>MEMORANDUM</u>

KEARNEY, J.                                                         December 22, 2023

Congress requires a person seeking habeas relief from a state court criminal sentence based on federal constitutional grounds to petition for relief within 365 days of their final appeal from their conviction. We today review a petition filed almost two months after the 365-day limitations period. An incarcerated man's inability to bring unrelated materials into a correctional facility's law library does not prevent him from later returning to the law library or filing a timely habeas petition with our District's standard forms.  Nor can we say an incarcerated man diligently pursued his rights when he waited 326 days to seek post-conviction relief.  We must deny the incarcerated man's habeas petition as untimely with no grounds to equitably toll his 365-day limitations period. We also deny a certificate of appealability.

### I.      Background

A jury convicted Calvin Camps of aggravated assault and possessing an instrument of crime on June 2, 2016.[1] Mr. Camps separately pleaded guilty to one count of possessing a controlled substance.[2] Judge Bronson consolidated the convictions for sentencing.  Judge Bronson sentenced Mr. Camps to five-to-fifteen years of incarceration on July 28, 2016.[3] Mr. Camps timely moved for post-sentence relief in the trial court.[4] Judge Bronson denied Mr. Camps's motion.[5]

*Mr. Camps's direct appeal from his sentence.*

Mr. Camps timely appealed his sentence to the Pennsylvania Superior Court.[6] The Pennsylvania Superior Court affirmed his sentence on December 29, 2017.[7] Mr. Camps did not timely petition for reconsideration with the Pennsylvania Superior Court before the fourteen-day deadline expired on January 12, 2018.[8]

Mr. Camps did not petition for allowance of appeal with the Pennsylvania Supreme Court by the time his thirty-day deadline to do so expired on January 28, 2018.[9]

*Mr. Camps's Post-Conviction Relief Act petition.*

Mr. Camps petitioned for relief under Pennsylvania's Post-Conviction Relief Act on December 20, 2018, 326 days after the Pennsylvania Superior Court affirmed his sentence.[10] Mr. Camps filed an amended petition and two supplemental petitions arguing he received ineffective assistance of counsel during his state court proceedings because his attorney did not call a mental health expert to impeach the testimony of his accuser.[11] The post-conviction court denied his petitions on June 11, 2021.[12] Mr. Camps timely appealed. The Superior Court affirmed the post-conviction court's order denying him post-conviction relief on May 27, 2022.[13] The Pennsylvania Supreme Court denied Mr. Camps's timely petition for allowance of appeal on February 15, 2023.

Mr. Camps then had forty days left in February and March 2023 in his 365-day limitations period to petition for habeas relief. Mr. Camps alleges State Correctional Institution-Phoenix, where Mr. Camps is currently housed, enforced COVID-19 law library restrictions since the beginning of the COVID-19 pandemic.[14] The Facility only grants access to the library on an emergency basis. An incarcerated person can use the library to gain access to a legal aid assistant who can research his case and file legal papers on his behalf.[15] Mr. Camps had an emergency law library appointment scheduled for February 18, 2023 – three days after he exhausted his Post-

Conviction Relief Act remedies.  Mr. Camps intended to meet with a legal aid assistant who could review his case and assist in preparing his habeas petition.[16] Mr. Camps arrived with his legal paperwork from the state court proceedings. Corrections Officer Medina and Lieutenant McCafferty prevented Mr. Camps from accessing the library and sent Mr. Camps back to his housing unit because he had "too much legal material to go to the law library." [17]

Mr. Camps began grieving his right to take his legal papers to the law library so he can have his case reviewed by a legal aid assistant.[18]   Mr. Camps submitted two grievances on unidentified dates.  On March 15, 2023, the Grievance Coordinator denied Mr. Camps's grievance because Mr. Camps did not clearly specify which Officers denied him access to the law library.[19] The Grievance Coordinator responded again on May 16, 2023: "After speaking with officers…you were not denied entrance into the law library.  You were attempting to enter into the law library with more than just legal material.  You were informed that this was not allowed and to take the items back to the block and you would have been allowed to return …"[20] Mr. Camps does not address bringing more than legal materials nor why he did not timely visit the library without these materials.

### *Mr. Camps petitions for federal habeas relief.*

Mr. Camps waited ninety-eight days to petition for a writ of habeas corpus on May 24, 2023 arguing he received ineffective assistance of counsel during his state court proceedings.[21] We found Mr. Camps's petition appeared untimely on its face but Mr. Camps may be entitled to habeas relief despite his untimely petition if he was otherwise prevented from proper compliance.[22]

We granted Mr. Camps leave to supplement his arguments with a credible basis to equitably toll the clock to find his habeas petition timely.[23] Mr. Camps responded by arguing corrections officers at State Correctional Institution Phoenix interfered with his timely filing of the

habeas petition by repeatedly denying him access to the law library <u>with</u> all of his legal papers since February 18, 2023.[24]   The District Attorney responded to Mr. Camps's petition arguing Mr. Camps's petition should be denied because it is untimely and lacks merit.[25] Mr. Camps replied by again explaining the grounds for his ineffective assistance of counsel and repeating his equitable tolling arguments.[26]

## II.    Analysis

We must first ensure a timely petition for relief. Mr. Camps acknowledges his petition is not filed within the one-year statute of limitations period set by Congress for habeas petitions but argues we should equitably toll the statute of limitations period because correctional officers denied him the ability to access the law library with his papers and legal assistant after February 15, 2023.[27] We find Mr. Camps fails to establish an "extraordinary circumstance" justifying relief. He offers no recognized grounds for equitable tolling. He missed the deadline by almost two months. We deny Mr. Camps's habeas petition as untimely with no grounds to equitably toll his limitations period. We also deny a certificate of appealability.

### A.  Mr. Camps offers no basis to equitably toll the one-year limitations period.

Congress affords Mr. Camps a one-year period to petition for federal habeas from the final state court judgment.[28] The one-year period is tolled throughout the duration of post-conviction relief review or other collateral review.[29] Congress also offers a tolling mechanism to allow us to consider facially untimely petitions. We toll the clock for the entire time spent filing and appealing motions for post-conviction relief.[30] Our Supreme Court instructs this clock is "subject to equitable tolling in appropriate cases."[31] To toll, Mr. Camps must prove both "he has been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way."[32]

Mr. Camps lost 326 days of his one-year limitations clock by delaying in filing for post-

conviction relief. Mr. Camps's judgment of sentence became final on January 28, 2018 – the last day he could seek review by the Pennsylvania Supreme Court but failed to do so. Mr. Camps petitioned for post-conviction relief 326 days later on December 20, 2018. We are not aware of grounds for this delay. His one-year statute of limitations tolled while the Pennsylvania courts reviewed his petitions for post-conviction relief. Mr. Camps only had forty of 365 days remaining (or until March 27, 2023) when the Pennsylvania Supreme Court denied his post-conviction relief petition on February 15, 2023.

Mr. Camps's petition is necessarily time-barred because he did not petition for habeas relief by the time the one-year statute of limitations period ended on March 27, 2023.[33] Mr. Camps filed his habeas petition fifty-eight days later on May 24, 2023.[34] Mr. Camps argues we should find equitable tolling is warranted because Corrections Officers at State Correctional Institution-Phoenix continually denied him access to the law library "with all his legal papers pertaining to his PCRA case" and to a legal aid who could assist in filing his habeas petition.[35] Mr. Camps also alleges Corrections Officers delayed and/or refused to send his mail and refused him materials for filing claims in state and federal courts.[36] Mr. Camps alleges he has been fighting "to this date" and since February 18, 2023 through the prison grievance system for the right to bring all of his legal papers to the library where a legal aid assistant can review his case.[37]

Mr. Camps may succeed on his equitable tolling argument if he proves both elements of equitable tolling—diligent pursuit and extraordinary circumstances—for all but forty days between February 15, 2023 when the Pennsylvania Supreme Court denied his post-conviction relief petition and May 24, 2023 when Mr. Camps petitioned for habeas relief.

We begin our legal analysis with our colleagues' guidance repeatedly denying equitable tolling based solely on library restrictions even during the coronavirus pandemic.[38] A "lockdown

and limited library access alone do not support a finding that [the one-year limitation period] must be equitably tolled."[39] Mr. Camps must show the lack of library access actually prevented him from filing his habeas petition.[40]

Mr. Camps claims the Corrections Officers denied him access to the law library and access to a legal aid assistant who could review his materials and assist him with filing his petition. But Mr. Camps does not show how this lack of access actually prevented him from filing his habeas petition.

We are persuaded by Judge Wolson's reasoning over two years ago in *Harding v. Warden Mason*.[41] James Harding petitioned for habeas corpus challenging his sentence for driving under the influence. Mr. Harding admitted his petition was untimely but argued equitable tolling should apply because the COVID-19 pandemic caused a shutdown of the law library.[42] Judge Wolson rejected Mr. Harding's argument, reasoning he did not explain how the shutdown actually impeded his ability to file a habeas petition given all he had to do to preserve the limitations period was file the Court's standard 2254 petition which does not require legal argument.[43] While Mr. Harding did cite to a few cases and Pennsylvania statutes in his petition, he did not make legal arguments which would have required lengthy library access before submission.[44] Mr. Harding simply restated the arguments he raised in his post-conviction briefs. Judge Wolson dismissed Mr. Harding's petition as untimely after finding Mr. Harding failed to meet his burden for equitable tolling.[45]

Mr. Camps also does not explain how his limited access to the library impeded his ability to file a habeas petition. Mr. Camps eventually filed our District's standard form for section 2254 petitions. Our standard form does not require Mr. Camps to analyze or cite case law. Mr. Camps does not cite to case law or statutes in support of his petition, and he certainly does not make legal

arguments which would have required him to access the law library. Mr. Camps merely restates the arguments he made in his Post-Conviction Relief Act petitions.

And Mr. Camps does not claim complete lack of access to the library; he only claims Corrections Officers did not allow him to enter the library *with all of his legal papers*. Mr. Camps does not claim someone precluded him from accessing the library without his legal papers or accessing the legal assistant.

We need not address whether Mr. Camps diligently pursued his rights because Mr. Camps has not shown the restricted library access stood in his way as an extraordinary circumstance. Even if Mr. Camps could establish "extraordinary circumstances" prevented him from filing his habeas petition in time, it is clear Mr. Camps did not diligently pursue his rights before the pandemic began and the law library restrictions existed. Mr. Camps petitioned for relief under Pennsylvania's Post-Conviction Relief Act on December 20, 2018, *326 days after* the Pennsylvania Superior Court affirmed his sentence. Mr. Camps fails to account for this delay. "For equitable tolling to apply, a petitioner may not sleep on his rights."[46] Pro se prisoner status and ignorance of the law is no excuse.[47]

We do not reach the merits of Mr. Camps's petition for habeas relief because his petition is not timely.

### B.  We deny a certificate of appealability.

We decline to issue a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[48] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[49] Mr. Camps can "satisf[y] this

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[50]

We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Camps's claims because they are not timely, and he offers no cognizable basis for not timely filing the form petition available to him in his Facility. Mr. Camps has not met his burden in showing a reasonable jurist would disagree with the dismissal of his petition as untimely and without a basis for tolling.

### III. Conclusion

Mr. Camps did not timely petition for habeas relief. He does not offer recognized grounds for equitable tolling. We dismiss Mr. Camps's habeas petition with prejudice as untimely.

---

[1] *Commonwealth v. Camps*, No. 3870 EDA 2016, 2017 WL 6629270, at *1 (Pa. Super. Ct. December 29, 2017). Calvin Camps allegedly "slashed" Catherine Smalls in the face with a blade on January 17, 2014. Mr. Camps accused Ms. Smalls of using a counterfeit bill during an earlier drug transaction. *Id.*

[2] *Id.*

[3] *Id.* The state court judge sentenced Mr. Camps to four to ten years of imprisonment for aggravated assault, a consecutive term of one to five years for possessing an instrument of crime, and a concurrent probation term of six months for possession of a controlled substance.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] ECF No. 1-1 at 2 (citing Pa. R. App. P. 2542(a)(1)).

[9] Pa. R. App. P. 1113(a).

[10] *Commonwealth v. Camps*, 279 A.3d 1290 (Pa. Super. Ct. 2022), *appeal denied*, 292 A.3d 844 (Pa. 2023).

[11] *Id.* at *2.

[12] *Id.*

[13] *Id.* at *3-4.

[14] ECF No. 9, ¶ 4.

[15] *Id.*

[16] *Id.*

[17] *Id.* ¶ 5.

[18] *Id.* ¶ 6.

[19] *Id.* ¶ 8.

[20] *Id.* ¶ 9.

[21] ECF No. 1 at 1-19.

[22] ECF No. 6.

[23] *Id.*

[24] ECF No. 9.  Mr. Camps characterized his supplemental memorandum as a "motion for equitable tolling" but we read it as a supplemental memorandum responding to our June 13, 2023 Order asking Mr. Camps to address the timeliness of his habeas petition.  *See* ECF Nos. 8, 10.

[25] ECF No. 13. We granted Mr. Camps leave to reply to the District Attorney by December 11, 2023.  ECF No. 12.  Mr. Camps filed a notice on December 13 informing us he provided his "answer to the Commonwealth" on December 6, 2023 by giving it to corrections officers at SCI-Phoenix, but he did not include a substantive reply with his notice.  ECF No. 16.

[26] ECF No. 17.

[27] ECF No. 9.

[28] 28 U.S.C. § 2244(d)(1)(A).

[29] 28 U.S.C. § 2244(d)(1)(A) & (d)(2).

[30] 28 U.S.C. § 2244(d)(2) (the one-year clock pauses for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.").

[31] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[32] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[33] 28 U.S.C. § 2244(c).

[34] ECF No. 1 at 1-19.

[35] ECF No. 9 ¶¶ 4, 5, 6, 8, 9.

[36] ECF No. 17 at 2.

[37] ECF No. 9 ¶ 6. Mr. Camps explains he has two grievances pending final review in February and March 2024. ECF No. 17 at 2, 7.

[38] *See, e.g., Woods v. Klinefelter*, No. 23-1071, 2023 WL 4086019, at *3 (E.D. Pa. June 20, 2023) (denying equitable tolling where petitioner "makes no attempt to explain how the shutdown and lockdown 'actually impeded' his ability to file a habeas petition"); *Russi v. Smith*, No. 20-4580, 2022 WL 118110, at *2 (E.D. Pa. Jan. 12, 2022) (denying equitable tolling where petitioner "fail[ed] to specify when the law library was shut down [during the COVID-19 pandemic] or how its closure impacted his filing"); *Harding v. Warden Mason of SCI Mahanoy*, No. 5:21-2393, 2021 WL 5177711, at *3 (E.D. Pa. Nov. 8, 2021) ("Mr. Harding appears to contend that the closure of the law library during this time was an extraordinary circumstance that warrants equitable tolling, but he has not satisfied his burden to make that showing."); *Hall v. Estock*, No. 22-258, 2023 WL 3322044, at *4 (W.D. Pa. May 9, 2023) ("Not only has he failed to demonstrate how the limited access to his facility's law library was an extraordinary circumstance, but he has also failed to explain how this limited access prevented him from filling out the standard habeas form that he utilized, which does not require citation to legal authority or legal argument, and mailing it to this Court before his statute of limitations expired."); *Rush v. Gilmore*, No. 19-5816, 2023 WL 4208704, at *3 (E.D. Pa. May 26, 2023), *report and recommendation adopted*, 2023 WL 4216090 (E.D. Pa. June 27, 2023) ("The court is not persuaded that limited law library access caused Petitioner's untimely filing, because the original petition required no legal research to present Petitioner's bare-bones claims.").

[39] *Perry v. Vaughn*, No. 02-839, 2003 WL 22391236, at *4 (E.D. Pa. Oct. 17, 2003), *report and recommendation adopted*, No. 02-00839, 2004 WL 1196655 (E.D. Pa. May 28, 2004) (citations omitted).

[40] *Id.*

[41] 2021 WL 5177711.

[42] *Id.* at *2.

[43] *Id.* at *3.

[44] *Id.*

[45] *Id.* at *4.

[46] *Sheppard v. Gramp*, No. 21-2631, 2023 WL 7490009, at *4 (D.N.J. Nov. 9, 2023).

[47] *Id.*; *LaLonde v. Rivello*, No. 20-3919, 2021 WL 6775528, at *3 (E.D. Pa. Aug. 23, 2021), *report and recommendation adopte*d, 2022 WL 309435 (E.D. Pa. Feb. 2, 2022) ("A petitioner's own ignorance of the law is not sufficient to invoke equitable tolling.").

[48] 28 U.S.C. § 2253(c)(1)(A).

[49] 28 U.S.C. § 2253(c)(2).

[50] *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).